IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY ROBERTS | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-532 |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Anthony Roberts, a federal prisoner confined at the FCI Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

Petitioner states he is an "eligible" prisoner entitled to benefits and incentives provided by the First Step Act which includes "earned time credits." Petitioner contends he has accumulated 630 days of programming and productive activities by way of classes and continued work through a prison job for which he is paid. He states he has remained at a low recidivism level over two consecutive pattern score assessments entitling petitioner to earn 15 days of earned time credit for every 30 days of programming and productive activities. Petitioner concludes he has thus accumulated and vested 315 days of earned time credit to be applied to his sentence. Petitioner argues applying his accrued earned time credits, good time, RDAP, and 12 months of halfway house will give him a release date of May 4, 2023. Petitioner concedes, however, he has not exhausted his administrative remedies arguing exhaustion is futile.

Respondent was ordered to show cause and filed an Answer on February 22, 2021 (docket entry no. 4). Respondent argues the petition should be dismissed for failure to exhaust administrative remedies

## Analysis

It is well established that petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision). Exhaustion under § 2241 requires that the petitioner "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing § 2241 filed by a state pretrial detainee).

"Application of the [exhaustion] doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." *McKart v. United States*, 395 U.S. 185, 193 (1969). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972). Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (civil action under 42 U.S.C. § 1983).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

2

While there are exceptions to the exhaustion requirement which may be appropriate "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action[,]" such exceptions "apply only in 'extraordinary circumstances.'" *Fuller,* 11 F.3d at 62 (affirming dismissal of challenge to parole commission decision for petitioner's failure to exhaust).

Petitioner concedes he has not exhausted the available administrative remedies. Petitioner contends, however, that exhaustion is futile citing to *Goodman v. Ortiz* in support of his argument wherein the court found that the case presented a narrow dispute of statutory construction which is exempt from the exhaustion requirement. 2020 WL 5015613 (D.N.J. Aug. 25, 2020) (citing *Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3rd Cir. 2016)).

According to Respondent, the argument in *Goodman* revolved around whether the incentive component of the Risk and Needs Assessment applied now or at some point in the future, a matter of statutory construction. *Id*. In *Goodman*, movant there argued he should have been released on July 5, 2020 but was still incarcerated as his earned time credits had not been applied and the BOP did not dispute that movant had earned time credits. *Id*. The court ultimately excused exhaustion noting, however, that the case presented a "narrow dispute of statutory construction." *Id*.

Respondent distinguishes *Goodman* arguing petitioner's request here has not been pre-determined and administrative exhaustion should not be excused. Respondent argues petitioner asks the court to order the application of earned time credits and modify his release date to May 4, 2023, relying on the factual record and not an interpretation of the statute at issue. Respondent argues that entitlement to the requested relief depends upon resolution of the following factual issues:

1. Is Petitioner eligible to earn time credits under § 3632(d)(2)(A)?

2. As it determines the amount of time credits he earns under § 3632(d)(2)(A), what is Petitioner's PATTERN score?

3. What need areas have BOP staff determined Petitioner to have?

4. Since January 15, 2020, what EBRR programs and productive activities have BOP staff assigned Petitioner to base on those needs?

> 5. Of the assigned EBRR programs and productive activities, which has Petitioner completed?
>
> 6. For purposes of defining "30 days of successful programming," how many days of programming has the BOP determined each EBRR program or program activity to be?
>
> 7. Is Petitioner eligible to currently "apply" his credits under § 3624(g)(1)?

Response, pgs. 14-15. Respondent concludes the court would benefit from the development of a factual record regarding these issues during the administrative exhaustion process and, given petitioner's projected release date of May 4, 2023, petitioner has ample time to finish the administrative remedy process prior to that date.

The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits. If the BOP has miscalculated petitioner's sentence calculation or release date, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Further, the fact that a petitioner believes his grievances will be denied does not make the remedy futile. *See Green v. Meese*, 975 F.2d 639, 641 (7th Cir. 1989) ("No doubt that denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion").

In this case, petitioner has failed to meet his burden of proof regarding futility. Further, the purposes of exhaustion are better advanced by allowing the Bureau of Prisons an opportunity to address the issue. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (when agency has opportunity to correct errors, judicial controversy may well be mooted). Thus, petitioner should be required to exhaust administrative remedies. *Cf Qattoum v. Gillis*, No. 5:18-CV-137, 2020 WL 2841784 (S.D. Miss. June 1, 2020) (petitioner argued he was not provided additional good time credit pursuant to FSA and claim dismissed for failure to exhaust administrative remedies).

## Recommendation

This petition should be dismissed for failure to exhaust administrative remedies.

## Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 6th day of August, 2021.

_____
Zack Hawthorn
United States Magistrate Judge