| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

ANTHONY ROBERTS, §
　　　　　　　　　　　　　　§
　　　　　　Petitioner, §
　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:20-CV-532
　　　　　　　　　　　　　　§
WARDEN, FCI BEAUMONT LOW §
　　　　　　　　　　　　　　§
　　　　　　Respondent. §

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Anthony Roberts, a federal prisoner confined at FCI Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition for failure to exhaust administrative remedies (#6).

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation (#7) to which Respondent filed a Reply (#9).

The court has conducted a *de novo* review of the objections in relations to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections are without merit.

Petitioner argues the Bureau of Prisons has failed to apply 315 days of earned time credit to his sentence and properly consider him for RDAP. Petitioner, however, concedes he has not exhausted his administrative remedies, arguing futility as an exception.

As a general matter, federal prisoners must exhaust administrative remedies before seeking habeas relief under Section 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be "a patently futile course of action." *Id*.

Petitioner does not contend that he has completed the administrative remedy process that is available to him. The competent summary judgment evidence demonstrates that Petitioner did not pursue his claims through the administrative remedy process, and Petitioner has failed to show that extraordinary circumstances warrant making an exception to the exhaustion requirement in this case. The Bureau of Prisons should have the opportunity to review Petitioner's claim before pursing his claim in federal court. Petitioner here has failed to explain why the Bureau of Prisons would not consider his request for administrative remedy in good faith and correct any error it has made in calculating his sentence. Petitioner's objections, therefore, are without merit.

## ORDER

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is

**ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 29th day of February, 2024.

                                            MARCIA A. CRONE
                                       UNITED STATES DISTRICT JUDGE